**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-00862-NYW-SBP

OREGON-CALIFORNIA TRAILS ASSOCIATION,
ROSEBUD SIOUX TRIBE,
WESTERN NEBRASKA RESOURCES COUNCIL,
PRESERVE THE SANDHILLS, LLC,
WHITETAIL FARMS EAST, LLC,
HORSESHOE BAR RANCH, LLC,

      Petitioners,

v.

MATT HOGAN, in his official capacity,
DOUG BURGUM, in his official capacity,
BRIAN NESVIK, in his official capacity,
TRAVIS VOYLES, in his official capacity,

      Respondents,

and

NEBRASKA PUBLIC POWER DISTRICT,

      Respondent-Intervenor.

---

## ORDER ON MOTION TO INTERVENE

---

This matter comes before the Court on the Motion to Intervene of Nebraska Public Power District with Supporting Memorandum of Points and Authorities ("Motion" or "Motion to Intervene"). [Doc. 9]. Petitioners do not oppose the Motion, [Doc. 9 at 1–2], and Respondents take no position regarding the Motion, [Doc. 19 at 2]. The Motion to Intervene is respectfully **GRANTED**.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 24 governs intervention.  Intervention may be as a matter of right or discretion.  Fed. R. Civ. P. 24.  A court must permit intervention as a matter of right when a movant (1) makes a timely motion, (2) "claims an interest relating to the property or transaction that is the subject of the action," (3) shows that "disposing of the action may as a practical matter impair or impede [its] ability to protect its interest," and (4) shows that its interest is not "adequately represent[ed]" by "existing parties."  Fed. R. Civ. P. 24(a)(2); *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).  The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene."  *W. Energy All.*, 877 F.3d at 1164.  In general, "[f]ederal courts should allow intervention where no one would be hurt and greater justice could be attained."  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quotation omitted).

The first element, timeliness, is "assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."  *Id.* (quotation omitted).  The second element, whether a movant has the requisite interest to intervene, requires that the interest be "direct, substantial, and legally protectable."  *Coal. of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (quotation omitted).  "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  *Id.* at 841 (quotation omitted).  The third element, whether disposing of the action may impair the movant's ability to

2

protect its interest, requires the movant to "show only that impairment of its substantial legal interest is possible if intervention is denied." *Utah Ass'n of Counties*, 255 F.3d at 1253 (quotation omitted). "This burden is minimal." *Id.* (quotation omitted). The final element, whether existing parties adequately represent the movant's interest, requires the movant to show "that representation 'may' be inadequate." *Id.* at 1254 (quotation omitted). "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Id.* (quotation omitted).

### ANALYSIS

***Timeliness.*** This case was initiated on March 3, 2026, when Petitioners filed their Petition for Review of Agency Action. [Doc. 1]. The Nebraska Public Power District (the "District") filed the instant Motion 10 days later, on March 13, 2026, "promptly upon learning of the litigation." [Doc. 9 at 12]. None of the Parties argue that they have been or will be prejudiced by the timing of this Motion. Thus, the Court finds that the Motion was timely filed.

***Interest and impairment.*** The District is the holder of the permit that is being challenged in this litigation. [*Id.* at 13; Doc. 1 at ¶ 3]. Given that Petitioners are asking the Court to "set aside" and "vacate" the permit granted to the District, [Doc. 1 at ¶ 11; *id.* at 73], the District plainly has a legal interest that may be impaired by resolution of this case.

***Adequacy of representation.*** The minimal burden here of showing that a movant's interest may not be adequately represented by the existing parties is "easily made when the party upon which the intervenor must rely is the government, whose obligation is to represent not only the interest of the intervenor but the public interest

3

generally, and who may not view that interest as coextensive with the intervenor's particular interest." *Utah Ass'n of Counties*, 255 F.3d at 1254.  Indeed, the Tenth Circuit has "held that the government cannot adequately represent the interests of a private intervenor *and* the interests of the public." *W. Energy All.*, 877 F.3d at 1168.  Here, though both the District and the Respondents are government entities, "they have very different mandates such that there is a 'possibility of divergency of interest.'" [Doc. 9 at 14 (quoting *Coal. of Ariz/N.M.*, 100 F.3d at 845)].  And in their Response to the Motion to Intervene, Respondents took "no position" on the Motion and did not indicate that they plan to defend the District's interests.  *See* [Doc. 19 at 1–2]; *Utah Ass'n of Counties*, 255 F.3d at 1256 (the government's "silence on any intent to defend the intervenors' special interests is deafening" (cleaned up)).

Accordingly, this Court **GRANTS** the Motion to Intervene.

### CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)    The Motion to Intervene of Nebraska Public Power District with Supporting Memorandum of Points and Authorities [Doc. 9] is **GRANTED**; and

(2)    The caption shall be amended, as shown at the top of this order, to identify the Nebraska Public Power District as an intervenor-respondent.

DATED:  April 8, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge